# JOE CARELLUS WEST,
*Respondent,*

*v.*

# CUPP,
*Appellant.*

## (No. 115299, CA 19527)

636 P2d 424

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Ken L. Betterton, Salem, argued the cause for respondent. With him on the brief was Enfield & McConville, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

The state appeals in this post-conviction relief case in which petitioner's conviction was vacated and a new trial ordered based on the trial court's determination that he had been denied his constitutional right to effective assistance of counsel.

Petitioner was brought to trial in Multnomah County for robbery in the first degree. During voir dire, after petitioner's peremptory challenges had been exhausted, a prospective juror was called who admitted that she was acquainted with the prosecuting attorney as a result of having served for one-half day on a grand jury to which he had been assigned. Petitioner told his attorney that he did not want this juror on his jury. As his peremptory challenges had been exhausted, the only means available to trial counsel to remove this juror from the jury was a challenge for cause.[1] In response to questions by the court and trial counsel, the juror stated that neither her experience on the grand jury nor her acquaintance with the prosecutor would affect her impartiality. Trial counsel accepted that answer and the juror was seated without objection.

At the post-conviction hearing, petitioner testified that there was eye contact between the juror and the prosecutor, that the prosecutor seemed to give off vibrations and, at one point during voir dire, either the prosecutor or the juror gave a "thumbs up" signal which was acknowledged by the other. There was no evidence that anyone else observed this interchange or that it was brought to trial counsel's attention.

The issue before this court is whether trial counsel's failure to question the prospective juror more thoroughly as to actual bias and failure to challenge her for actual bias constituted ineffective representation and resulted in petitioner being denied an impartial jury.

---

[1] After trial, petitioner filed a motion for new trial and in arrest of judgment on the ground that the juror was impliedly biased because she had sat on a grand jury. This motion was denied and that denial was affirmed from the bench by this court.

Trial counsel's decision not to challenge the prospective juror's statement that she could serve impartially was based on sound professional judgment. Defense counsel did not see the interchange described by petitioner. He could reasonably believe that the juror was being truthful and that nothing would result from a challenge to her claim of impartiality, except perhaps the alienation of both herself and the jurors already seated. This court will not second-guess a trial attorney's reasonable exercise of professional judgment. *See Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981). Petitioner's claim that he was denied effective assistance of counsel is without merit, and the post-conviction trial court erred in granting his petition for relief.

Reversed.